UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SMITH LAND COMPANY, INC., *et al.*, | ) | CASE NO. 5:21-cv-1848 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF FAIRLAWN, OHIO, *et al.*, | ) | **ORDER** |
| | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is Defendants Shawn Herhold and Malavanh Rassavong's (collectively, "Defendants") motion for attorneys' fees pursuant to 28 U.S.C. § 1927. (ECF No. 49). Plaintiffs Smith Land Company ("SLC") and Robert G. Smith, (collectively, "Plaintiffs"), and Plaintiffs' counsel Warner Mendenhall oppose the motion, (ECF No. 50), and Defendants have filed a reply, (ECF No. 51). For the reasons discussed below, Defendants' motion for attorneys' fees is **DENIED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The allegations in this action arise from the subdivision, sale, designation as wetlands of, and fill material placement on real property owned by Plaintiffs. (ECF No. 19, PageID #389). SLC purchased 9.7 acres of real property on Brunsdorph Drive in Fairlawn, Ohio in 1999, and filed an application with the City of Fairlawn ("Fairlawn") to subdivide the property into ten single-family residential lots and "Block A." (*Id.* at PageID #390–91). SLC filed deeds to subdivide Block A into three parcels, which Fairlawn approved in May 2000. (*Id.* at PageID #391).

On July 11, 2002, Defendants contracted to purchase a Block A parcel (the "Herhold Parcel"), with the contract including a disclosure that the Herhold Parcel had been designated as a wetland. (*Id.* at PageID #392). Previously, a contractor for Fairlawn had dumped and graded fill

dirt on the Herhold Parcel. (*Id.* at PageID #391–92). In February 2004, the U.S. Army Corps of Engineers ("USACE") informed Fairlawn that a USACE permit was not required for impacts to wetlands on Block A; the Ohio EPA subsequently informed Fairlawn that owners of the Block A parcels would need to apply for and receive an Isolated Wetland Permit before impacting isolated wetlands. (*Id*. at PageID #393–34).

### A. State Court Proceedings

On May 9, 2008, Defendants sued Plaintiffs in state court for breach of contract, breach of the warranty of title, fraud, misrepresentation, and fraudulent concealment/inducement. (*Id*. at PageID #395); *Herhold v. Smith Land Co.*, 2019-Ohio-2418, ¶ 3 (Ohio Ct. App. 2019). Defendants asserted the following:

> [Plaintiffs] represented to them that they would be able to build a home on the Property. Later, however, when the [Defendants] attempted to sell the Property, they discovered that the City of Fairlawn would not issue a building permit for the Property absent permission from the Ohio Environmental Protection Agency ("Ohio EPA"). In order to satisfy Ohio EPA, the [Defendants] removed numerous truckloads of fill dirt from the north boundary of the Property in order to restore the wetlands that were previously there. Such action created a ditch and decreased the buildable surface area of the Property. After the alterations to the Property, the [Defendants] were unable to sell it.

*Herhold*, 2019-Ohio-2418, ¶ 2. Defendants argued that Plaintiffs breached the contract and committed fraud by failing to disclose the "unauthorized fill" on the Herhold Parcel and by misrepresenting that the property was in buildable condition. *See Herhold*, 2019-Ohio-2418, ¶¶ 36, 52.

In May 2014, a jury returned a verdict in favor of Defendants on their breach of contract and fraud claims. (ECF No. 19, PageID #395); *Herhold v. Smith Land Co., LLC*, 2016-Ohio-4939, ¶ 4 (Ohio Ct. App. 2016). Afterwards, the trial judge recused herself and a newly assigned judge

2

vacated the jury verdict and ordered a new trial. (ECF No. 19, PageID #395); *Herhold*, 2016-Ohio-4939, ¶¶ 8–10, 26.

The second trial commenced in July 2017, and the jury entered a verdict in favor of Defendants on their breach of contract and fraud claims. (ECF No. 19, PageID #395); *Herhold*, 2019-Ohio-2418, ¶ 6. Plaintiffs filed a motion for judgment notwithstanding the verdict and a new trial that was denied on November 30, 2017. (*Id*.). As part of their motion, Plaintiffs stated that they had discovered new evidence that entitled them to a new trial; namely, two Google Earth Pro photos (the "Block A Photos"), dated April 9, 2005 and February 28, 2006. (ECF No. 33-1, PageID #910–12). Plaintiffs argued that the Block A Photos established Defendants and Ed Wilk, an Ohio EPA employee, misrepresented that 22 truckloads of fill were removed from the Herhold Parcel and dumped on outside property because the photos demonstrated that the fill dirt was not removed from the property but instead "spread on the Herhold lot and on the adjoining lot to the north." (*Id.*).

The Ohio Court of Appeals affirmed the judgment on June 19, 2019. (*Id*.). As part of its decision, the Ohio Court of Appeals denied the request for a new trial based on newly discovered evidence because Plaintiffs failed to explain why the newly discovered evidence could not have been discovered before trial. *Herhold*, 2019-Ohio-2418, ¶¶ 91–92. The Ohio Supreme Court declined jurisdiction on October 15, 2019, and the United States Supreme Court denied *certiorari* on June 8, 2020. (*Id*.).

**B.     District Court Proceedings**

On September 28, 2021, Plaintiffs initiated the instant action in federal court. (ECF No. 1). On December 27, 2021, Plaintiffs filed an amended complaint against Defendants, as well as Fairlawn, William J. Roth, the Mayor of Fairlawn, Chris Randles, Ed Wilk, and the Ohio EPA.

3

(ECF No. 19). Plaintiffs alleged some of the following facts to support their conspiracy, trespass, and takings claims against the defendants: (i) in 2001, contractors working for Fairlawn dumped and graded the dirt fill on the Herhold Parcel; (ii) in May 2005, Wilks wrote a letter to Randles stating that the fill on the Herhold Parcel was minimal compared to adjacent property and removal was not required; (iii) in October 2005, Wilks wrote a letter to Defendants stating that fill on the Herhold Parcel failed to comply with USACE limits and that SLC overfilled the wetlands on the northern boundary, but never notified Plaintiffs of the alleged overfill; (iv) in February 2016, Wilks issued a Notice of Violation ("NOV") against Plaintiffs for unauthorized fill on both of the Block A parcels they owned in retaliation for Plaintiffs' public records request; (v) the Block A Photos demonstrate that Defendants, Wilks, and Randel removed the overfill dirt from the Herhold Parcel and dumped it on Plaintiffs' parcel and seeded it with grass; (vi) in 2006, Fairlawn began mowing the grass on SLC's parcel, starting assessing hundreds of dollars in special assessment taxes a year on SLC's parcel, and failed to provide Plaintiffs with a bill or notification of these taxes; and (vii) in February 2021, Fairlawn filed a tax foreclosure action on the SLC parcel for acquisition of the parcel by Summit County Land Reutilization Corporation, who then determined that the land was nonproductive and that the acquisition of the land was necessary for the implementation of an effective land reutilization program. (*Id.* at PageID #391–92, 399–400, 403, 405–06, 408–09, 411–13).

Plaintiffs asserted three federal takings claims against Fairlawn (Counts Four, Five, and Six), and a claim for an injunction against the Ohio EPA, Wilk, and Fairlawn relating to the enforcement of the NOV (Count Seven). (*Id.* at PageID #420–25). Plaintiffs asserted the following claims involving Defendants: (i) conspiracy to deprive Plaintiffs of their interest in real property, in violation of the Fifth Amendment (Count One), with the conspiracy involving

Fairlawn, Roth, Randles, Wilk, and Defendants; (ii) conspiracy to deprive Plaintiffs of their civil rights, in violation of the Fourteenth Amendment (Count Two), with the conspiracy involving Fairlawn, Roth, Randles, Wilk, and Defendants; (iii) civil conspiracy under Ohio law against Fairlawn, Roth, Randles, Wilk, and Defendants (Count Three); (iv) trespass under Ohio law against Defendants (Count Eight); and (v) exemplary punitive damages against all the defendants (Count Nine). (*Id.* at PageID #414–20, 425–26).

On March 22, 2024, the Court granted Defendants' motion to dismiss (ECF No. 27), dismissed all claims against Defendants, and closed the case. (ECF No. 47). The Court dismissed Counts One and Two as barred by the *res judicata* doctrine of claim preclusion. (*Id.* at PageID #1115). The Court declined to exercise supplemental jurisdiction over Counts Three and Eight and dismissed Count Nine because punitive damages are not an independent cause of action under Ohio law. (*Id.* at PageID #1115–16).

## II. MOTION FOR SANCTIONS

On March 26, 2024, Defendants filed the instant motion for attorneys' fees. (ECF No. 49). Defendants presented 28 U.S.C. § 1927 as the statutory basis for an award of attorneys' fees in this case. (*Id.* at PageID #1122–23). Defendants contend that the instant action was frivolous because Plaintiffs filed the action despite knowing there was no viable factual or legal basis and asserting claims that should have been litigated in the previous state court litigation. (*Id.* at PageID #1120–22). Defendants argue that they are entitled to attorneys' fees as a sanction against Attorney Mendenhall because he engaged in "egregious tactics during the course and history of this litigation and the State Court Litigation." (*Id.* at PageID #1123).

Plaintiffs and Attorney Mendenhall argue that the motion should be dismissed because: (i) the motion failed to comport with the requirements under Fed. R. Civ. P. 54(d)(2)(B)(iii), as it

5

provided no supporting documentation or estimate of fees; (ii) the sole basis for attorneys' fees is 28 U.S.C. § 1927; and (iii) Defendants had failed to identify any unreasonable or vexatious actions that multiplied the proceedings in the instant action and the filing of the complaint alone is not sufficient grounds under § 1927. (ECF No. 50, PageID #1126–30). Defendants reply that Attorney Mendenhall "enabled the Plaintiffs to continue this legal charade which has resulted [in] wasted time and legal resources without having an ounce of merit[,]" and argue that sanctions are appropriate under Rule 11. (ECF No. 51, PageID #1133–34). They also provide a current estimate of attorneys' fees ($15,535.00) and request a hearing to determine the appropriate amount. (*Id.* at PageID #1133).

### III. APPLICABLE LAW

Under Section 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 imposes an objective standard of conduct on attorneys, and courts need not make a finding of subjective bad faith before assessing monetary sanctions under § 1927." *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006) (citations omitted). An attorney is sanctionable under § 1927 when he "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings" *or* when he "knows or reasonably should know that a claim pursued is frivolous." *Jones v. Hamilton Cnty.*, No. 23-3002, 2023 U.S. App. LEXIS 29975, at *8 (6th Cir. Nov. 8, 2023) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006); and *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016)) (cleaned up); *see also Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) ("Fees may be assessed without a finding of bad faith, at least when an attorney

6

knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." (internal quotation and citation omitted)). The Sixth Circuit also has held that § 1927 sanctions are warranted "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)).

"The imposition of attorney's fees as a sanction under 28 U.S.C. § 1927 . . . is a high bar — reserved only for instances of objectively unreasonable conduct." *Shepard & Assocs., Inc. v. Lokring Tech., LLC*, No. 1:20-cv-02488, 2024 U.S. Dist. LEXIS 57589, at *22 (N.D. Ohio Mar. 29, 2024) (citing *Red Carpet Studios Div. of Source Adv. Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)). While sanctions may be imposed without a finding of subject bad faith, the attorney's alleged misconduct must amount to more than mere negligence or incompetence. *Ridder*, 109 F.3d at 298; *Holmes*, 78 F.3d at 1049; *see also Salkil*, 458 F.3d at 532 ("Simple inadvertence or negligence, however, will not support sanctions under § 1927."); *Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429, 439 (6th Cir. 2012) (providing that an attorney's misconduct must exceed "simple inadvertence or negligence that frustrates the trial judge"). Ultimately, an award of sanctions under § 1927 is committed to the discretion of the district court. *Michigan Div.-Monument Builders of N. Am. v. Michigan Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008); *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002).

IV.     **DISCUSSION**

Defendants' motion requests an award of attorneys' fees based solely on the statutory authority under 28 U.S.C. § 1927.¹ (ECF No. 49, PageID #1122–23). Thus, the filing requirements found under Fed. R. Civ. P. 54(d)(2)(B) do not apply to the instant motion for attorneys' fees and Plaintiffs' related arguments for dismissal are meritless. *See* Fed. R. Civ. P. 4(d)(2)(E) ("Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. §1927."). As discussed above, Defendants contend that Attorney Mendenhall unreasonably and vexatiously multiplied the proceedings in this case and further state that he engaged in egregious tactics during this litigation and the related state court litigation. (ECF No. 40, PageID #1122–23). However, the only misconduct cited by Defendants that relates to the instant proceeding appears to be their contention that Attorney Mendenhall frivolously filed this lawsuit because he knew that there was no legal or factual basis— with the instant suit based on claims that should have been litigated in the state court proceedings. (*Id.* at PageID #1120–22).

The Sixth Circuit has indicated that a trial court has discretion to award attorney's fees under § 1927 when "an attorney knows or reasonably should know that a claim pursued is frivolous." *See Jones v. The Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). Defendants' argument for the imposition of attorneys' fees as a sanction essentially turns on whether Plaintiffs' claims against Defendants were clearly barred by the doctrine of *res judicata*, such that the pursuit of those claims was frivolous. Although the Court dismissed two of Plaintiffs' claims as barred by the doctrine of *res judicata*, the Court does not find that Attorney Mendenhall's conduct rose

---

¹ Defendants' reply in support states that sanctions are appropriate if a party violates Rule 11, (ECF No. 51, PageID #1133), but the Defendants' motion for attorneys' fees does not invoke or discuss Rule 11 in any fashion, (*See* ECF No. 49).

8

to the level of vexatiousness necessary to warrant imposing an award of fees as a sanction under § 1927.

Even though Plaintiffs' argument that *res judicata* did not bar their claims against Defendants were ultimately without merit, this does not necessarily render the argument frivolous, unreasonable, or without foundation. It was not wholly unreasonable for Plaintiffs and Attorney Mendenhall to believe that the causes of action asserted in this case might not have arisen from the same transaction as the previous state court litigation and there was a cognizable argument that *res judicata* did not apply.[2] Moreover, the Court did not dismiss all of Plaintiffs' claims against Defendants based on *res judicata*. The Court declined to exercise supplemental jurisdiction over Plaintiffs' conspiracy to obtain a civil judgment claim under Ohio law (Count Three)—a claim which could not have been brought in the previous state court litigation and is not barred by the doctrine of *res judicata*. The Court also finds that Defendants have not demonstrated, nor does the record indicate, that Attorney Mendenhall's conduct in this action "falls short of the obligations owed by a member of the bar to the court." *Riddle*, 266 F.3d at 553. Defendants have not demonstrated that the pursuit of the claims against them rose above the level of mere negligence or incompetence.

The Court also finds that an award of sanctions under the Court's inherent power is unwarranted. "Even if there [are] available sanctions under statutes or various rules in the Federal Rules of Civil Procedure . . . the inherent authority of the Court is an independent basis for

---

[2] Counts One, Two, and Eight assert claims relating to trespass and violations of property rights due to the dumping of dirt fill on Plaintiffs' property. Although those claims should have been asserted as counterclaims in the state court litigation, they do not directly relate to Defendants' underlying claims for breach of contract and fraud relating to the sale of the Herhold Parcel (and the misrepresentations of buildability). Instead, Plaintiffs' claims generally related to Defendants' claim of damages in the state court litigation (the cost of removing the illegal dirt fill) and involve the same core set of facts revolving around the alleged fate of the illegal dirt fill (with Plaintiffs alleging it was dispersed on their property).

sanctioning bad faith conduct in litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) (footnote omitted).  A federal court may use its inherent authority to award attorneys' fees as a sanction only "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)).  In other words, the "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta*, 307 F.3d at 517, or conduct "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980).  There is no indication in the record, nor has Defendants' motion demonstrated, that Plaintiffs brought this action in bad faith or for oppressive reasons.

## V.    CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees is **DENIED** and the Court declines to impose sanctions pursuant to its inherent authority.

**IT IS SO ORDERED.**

Date: May 14, 2024

_____
**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**